IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE L. ARDDS, | No. C 10-4489 SBA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| W. J. WILSON, et al., | |
| Defendants. / | |

## INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at Mule Creek State Prison (MCSP), has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983. His motion for leave to proceed in forma pauperis has been granted.

Venue is proper because the events giving rise to the claim are alleged to have occurred at the Correctional Training Facility (CTF), which is located in this judicial district. See 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants: CTF Acting Wardens W. J. Wilson and R. Grounds as well as CTF Sergeant J. Esparza. Plaintiff seeks monetary damages.

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state

law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff alleges that Defendants failed to return his "GPX Radio." (Compl. at 3.) He further alleges that he came to an agreement with Defendant Esparza that Defendants would mail his radio to MCSP, but that they failed to do so. (Id.) Plaintiff seeks compensation for his loss.

A negligent or intentional deprivation of a state or county inmate's property fails to state a due process claim under § 1983 if state law provides an adequate post-deprivation remedy. See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. See Zinermon v. Burch, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process). California law provides such an adequate post-deprivation remedy. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Accordingly, Plaintiff's allegations fail to state a claim cognizable under § 1983. See id. at 817.[1]

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED WITHOUT PREJUDICE to seeking relief in the state courts. The Court has rendered its final decision on this matter; therefore, this Order TERMINATES Plaintiff's case. The Clerk of the Court shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED:  4/20/11                             _Saundra B Armstrong_
                                            SAUNDRA BROWN ARMSTRONG
                                            United States District Judge

---

[1] An inmate is not protected by the Fourth Amendment against the seizure, destruction or conversion of his property. See Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir. 1989).

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ANTOINE L. ARDDS,

        Plaintiff,

  v.

R. GROUNDS et al,

        Defendant.

Case Number: CV10-04489 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 25, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Antione L. Ardds P-59915
Mule Creek State Prison
P.O. Box 409020
Ione, CA 95640

Dated: April 25, 2011

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.10\Ardds4489.dismiss(prop)3.wpd